IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Travis and Kimberly Ashcraft,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | **ORDER DENYING MOTION FOR** |
| vs.       ) | **SUMMARY JUDGMENT AND** |
| ) | **GRANTING MOTION FOR** |
| Select Water Solutions, LLC, d/b/a and       ) | **RULE 56(d) RELIEF** |
| ) | |
| f/k/a Select Energy Services, Inc.,       ) | Case No. 1:23-cv-181 |
| ) | |
| Defendant and Third-Party       ) | |
| Plaintiff,       ) | |
| ) | |
| vs.       ) | |
| ) | |
| Travis Ashcraft,       ) | |
| ) | |
| Counter-Defendant,       ) | |
| ) | |
| and       ) | |
| ) | |
| Blackshirt, LLC,       ) | |
| ) | |
| Third-Party Defendant and       ) | |
| Counterclaimant.       ) | |
| ) | |

Before the Court is Third-Party Defendant Blackshirt, LLC ("Blackshirt") and Counter-Defendant Travis Ashcraft's ("Ashcraft") motion for summary judgment filed on March 14, 2025. See Doc. No. 43. Third-Party Plaintiff Select Water Solutions, LLC ("Select Water") filed a response in opposition to the motion on April 18, 2025, in which it requests the Court deny the motion as premature under Rule 56(d). See Doc. No. 49. Blackshirt and Ashcraft filed a reply on May 1, 2025. See Doc. No. 53. For the reasons set forth below, the motion for summary judgment is denied and the motion for Rule 56(d) relief is granted.

1

**I.      BACKGROUND**

This case arises from a fire on February 10, 2023, at Select Water's saltwater disposal site, known as Elk Truck Dump, in McKenzie County, North Dakota. On February 10, 2023, Ashcraft was working for Blackshirt, hauling salt water in a Blackshirt semi-truck and tanker-trailer to the Elk Truck Dump. While Ashcraft was offloading the saltwater an explosion occurred, and Blackshirts' truck and the Elk Truck Dump facility started on fire. Ashcraft suffered injuries from the incident. The facility suffered property damage. Plaintiffs Travis and Kimberly Ashcraft are residents of Idaho. Defendant Select Water Solution LLC's sole member is SES Holdings, LLC. SES Holdings, LLC's sole member is Select Water Solutions, Inc., a Delaware Corporation with its principal place of business in Texas.

On September 20, 2023, Travis Ashcraft and Kimberly Ashcraft filed their complaint in this lawsuit alleging Select Water was negligent by failing to maintain the Elk Truck Dump facility and its equipment. See Doc. No. 1. Travis Ashcraft alleges he suffered serious and permanent injuries. His wife, Kimberly Ashcraft, alleges Select Water's negligence interfered with their marital relationship by depriving her of her husband's society, companionship, services, and consortium. Travis and Kimberly Ashcraft seek economic and non-economic damages.

In response, Select Water asserted a counterclaim against Travis Ashcraft alleging he caused the fire and the resulting property damage. See Doc. No. 8. Select Water also asserted claims against Blackshirt for its employee, Ashcraft, causing the fire and resulting property damage. See Doc. No. 35. Select Water alleges Ashcraft was negligent in his offloading operation.

On March 20, 2025, Blackshirt and Ashcraft filed a motion for summary judgment on Select Water's claims. See Doc. No. 43. On April 18, 2025, Select Water requested the Court deny

the motion as premature under Rule 56(d). See Doc. No. 49. The discovery deadline is December 1, 2025. Trial is scheduled for December 7, 2026

## II. LEGAL DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure reads as follows:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Applying 56(d), the Eighth Circuit Court of Appeals has explained,

As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. Nonmovants may request a continuance under Rule 56(d) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.

Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 893 (8th Cir. 2014) (citations omitted). A party seeking relief under Rule 56(d) must show: (1) specific facts the party hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to resist the summary judgment motion. Id. at 895.

In the present case, Blackshirt and Ashcraft's motion for summary judgment is premature. The discovery deadline is December 1, 2025. The dispositive motion deadline is June 1, 2026. Trial is scheduled for December 7, 2026. In support of Select Water's request for Rule 56(d) relief, counsel submitted a signed declaration demonstrating specific facts Select Water hopes to elicit from discovery, that those facts exist, and that those facts are essential to resisting the pending motion. See Doc. No. 50. Select Water seeks to take the depositions of Ashcraft, Blackshirts'

owners, and Blackshirts' employees. Select Water is entitled to conduct discovery and the discovery deadline has not passed.

The Court's preference in these types of cases is to decide motions for summary judgment based upon a fully developed record after discovery has been completed. Once discovery is complete and all necessary depositions have taken place the Court will be in a better position to understand what happened in this case and make a determination as to whether summary judgment is appropriate or not. Therefore, the Select Water's request for 56(d) relief is granted. The Court denies Blackshirt and Ashcraft's motion for summary judgment at this early stage without prejudice.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, Select Water's request for Rule 56(d) relief (Doc. No. 49) is **GRANTED**. Blackshirt and Ashcraft's motion for summary judgment (Doc. No. 43) is **DENIED**. Blackshirt and Ashcraft's refile their motion for summary judgment once the time for discovery is complete.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2025.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court